Tionna Dolin (SBN 299010)
Email: tdolin@slpattorney.com
(emailservices@slpattorney.com)
**Strategic Legal Practices, APC**
1888 Century Park East, Floor 19
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile: (310) 943-3838

Attorneys for Plaintiffs,
VIDAL MADERA and IDALI PAGAN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| VIDAL MADERA and IDALI PAGAN, <br><br> Plaintiffs, <br><br> vs. <br><br> FORD MOTOR COMPANY; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: <br><br> Assigned to: <br> Dept. <br><br> **COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS** <br><br> JURY TRIAL DEMANDED |

**COMPLAINT; JURY TRIAL DEMANDED**

Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 because the action alleges claims pursuant to 15 U.S.C. §2310, the Magnuson-Moss Warranty Act, with a claim that exceeds the amount in controversy of $50,000, pursuant to 15 U.S.C. §2310(d)(3)(B).

2. Furthermore, the Court has jurisdiction over this matter because there is minimal diversity as Plaintiffs and Defendants are citizens of different states, with a claim that exceeds the amount in controversy of $75,000, pursuant to 28 U.S.C. § 1332.

3. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the Central District of California because a substantial part of the events or omissions giving rise to the claim occurred within the judicial district, including entering into the warranty contract for and/or repairs of the Subject Vehicle, occurred in Los Angeles County.

4. Assignment to the Eastern Division of this Court is proper because all or most of the events giving rise to Plaintiff's claims, including entering into the warranty contract for and/or repair of the Subject Vehicle giving rise to this lawsuit, occurred in Los Angeles County.

## GENERAL ALLEGATIONS

5. As used in this Complaint, the word "Plaintiffs" shall refer to Plaintiffs VIDAL MADERA and IDALI PAGAN.

6. Plaintiffs are residents of Los Angeles County, California.

7. As used in this Complaint, the word "Defendant" shall refer to all Defendants named in this Complaint.

8. Defendant FORD MOTOR COMPANY ("Defendant FMC") is a corporation organized and in existence under the laws of the State of Delaware and registered with the California Department of Corporations to conduct business

1
**COMPLAINT; JURY TRIAL DEMANDED**

in California. Defendant FMC's principal place of business is in the State of Michigan. At all times relevant herein, Defendant was engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling automobiles and other motor vehicles and motor vehicle components in Los Angeles County, California.

9. Plaintiffs are ignorant of the true names and capacities of the Defendants sued under the fictitious names DOES 1 to 10. They are sued pursuant to Code of Civil Procedure section 474. When Plaintiffs become aware of the true names and capacities of the Defendants sued as DOES 1 to 10, Plaintiffs will amend this Complaint to state their true names and capacities.

## FACTUAL BACKGROUND

10. On or about May 12, 2020, in California, Plaintiffs entered into a warranty contract with Defendant FMC regarding a 2017 Ford Focus vehicle identification number 1FADP3J26HL288136 (hereafter "Vehicle"), which was manufactured and/or distributed by Defendant FMC.

11. The warranty contract contained various warranties, including but not limited to the bumper-bumper warranty, powertrain warranty, emission warranty, etc. A true and correct copy of the warranty contract is attached hereto as **Exhibit A**. The terms of the express warranty are described in **Exhibit A** and are incorporated herein. In addition, to the these warranties, Defendant FMC also provided Plaintiffs with a California Emission Warranty, which Plaintiff request Defendant FMC produce as part of its discovery obligations in this case.[1]

12. Pursuant to the Song-Beverly Consumer Warranty Act (the "Song-Beverly Act") Civil Code sections 1790 et seq. the Subject Vehicle constitutes

---

[1] Upon information and belief, Defendant FMC deliberately refuses to include the terms of the California emissions warranties in its main express warranty booklet so that California consumers are kept in the dark when Defendant FCA fails to comply with its warranty obligations under California's 7 years/70,000 miles emissions warranty, or other California emission warranties, including but not limited to, Low Emission Vehicles warranties (which have an even longer warranty term).

"consumer goods" used primarily for family or household purposes, and Plaintiff has used the vehicle primarily for those purposes. Plaintiffs are a "buyer" of consumer goods under the Act. Defendant FMC is a "manufacturer" and/or "distributor" under the Song-Beverly Act.

13. Plaintiffs justifiably revoke acceptance of the Subject Vehicle under Civil Code, section 1794, et seq. by filing this Complaint and/or did so prior to filing the instant Complaint.

14. These causes of action arise out of the warranty obligations of Defendant FMC in connection with a motor vehicle for which Defendant FMC issued a written warranty.

15. Defects and nonconformities to warranty manifested themselves within the applicable express warranty period, including but not limited to, the electrical system, the transmission, among other defects and non-conformities.

16. Said defects/nonconformities substantially impair the use, value, or safety of the Vehicle.

17. Under the Song-Beverly Act, Defendant FMC had an affirmative duty to promptly offer to repurchase or replace the Subject Vehicle at the time if failed to conform the Subject Vehicle to the terms of the express warranty after a reasonable number of repair attempts.[2]

---

[2] "A manufacturer's duty to repurchase a vehicle does not depend on a consumer's request, but instead arises as soon as the manufacturer fails to comply with the warranty within a reasonable time. (*Krotin v. Porsche Cars North America, Inc.* (1995) 38 Cal.App.4th 294, 301-302, 45 Cal.Rptr.2d 10.) Chrysler performed the bridge operation on Santana's vehicle in August 2014 with 30,262 miles on the odometer—within the three-year, 36,000 mile warranty. The internal e-mails demonstrating Chrysler's awareness of the safety risks inherent in the bridge operation were sent in September 2013, and thus Chrysler was well aware of the problem when it performed the bridge operation on Santana's vehicle. Thus, Chrysler's duty to repurchase or provide restitution arose prior to the expiration of the three-year, 36,000 mile warranty. Moreover, although we do not have the actual five-year, 100,000 mile power train warranty in our record, Santana's expert testified that the no-start/stalling issues Santana experienced were within the scope of the power train warranty, which was still active when Santana requested repurchase in approximately January 2016, at 44,467 miles. Thus the premise of Chrysler's argument—that Santana's request for repurchase was outside the relevant warranty—is not only irrelevant, but wrong." *Santana v. FORD MOTOR*

18. Defendant FMC has failed to either promptly replace the Subject Vehicle or to promptly make restitution in accordance with the Song-Beverly Act.

19. Under the Song-Beverly Act, Plaintiffs are entitled to reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiffs prior to the first presentation to an authorized repair facility for a nonconformity.

20. Plaintiffs are entitled to replacement or reimbursement pursuant to Civil Code, section 1794, et seq. Plaintiffs are entitled to rescission of the contract pursuant to Civil Code, section 1794, et seq. and Commercial Code, section 2711.

21. Plaintiffs are entitled to recover any "cover" damages under Commercial Code, sections 2711, 2712, and Civil Code, section 1794, et seq.

22. Plaintiffs are entitled to recover all incidental and consequential damages pursuant to 1794 et seq. and Commercial Code, sections 2711, 2712, and 2713 et seq.

23. Plaintiffs suffered damages in a sum to be proven at trial in an amount that exceeds $75,000.00.

24. Plaintiffs are entitled to all incidental, consequential, and general damages resulting from Defendants' failure to comply with its obligations under the Song-Beverly Act and/or Magnuson-Moss Warranty Act.

## TOLLING OF THE STATUTES OF LIMITATION

### A. Class Action Tolling

25. Under the tolling rule articulated in *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974) ("*American Pipe*"), the filing of a class action lawsuit in federal court tolls the statute of limitations for the claims of unnamed class members until the class certification issue is resolved. In applying *American Pipe* tolling to California cases, the California Supreme Court summarized the tolling rule derived from *American Pipe* and stated that the statute

---

*COMPANY,* 56 Cal. App. 5th 334, 270 Cal. Rptr. 3d 335 (2020).

of limitations is tolled from the time of commencement of the suit to the time of denial of certification for all purported members of the class. *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1119 (1988). Tolling lasts from the day a class claim is asserted until the day the suit is conclusively not a class action. *Falk v. Children's Hosp. Los Angeles*, 237 Cal. App. 4th 1454, 1464 (2015).

26. The tolling of Plaintiffs' individual statute of limitations encourages the protection of efficiency and economy in litigation as promoted by the class action devise, so that putative class members would not find it necessary to seek to intervene or to join individually because of fear the class might never be certified or putative class members may subsequently seek to request exclusion.

**B.     Discovery Rule Tolling**

27. Making it even more difficult to discover that the Subject Vehicle's engine suffered from a safety defect was Defendants' issuance of various TSBs and Recalls purporting to be able to fix various symptoms of the defects

28. As a result of the foregoing, Plaintiffs did not become suspicious of Defendant's concealment of the latent defects and its inability to repair them until shortly before the filing of the complaint, when the issues persisted following Defendant's representations that the Vehicle was repaired, and thus contacted Defendant directly.

29. Plaintiffs always acted diligently in presenting the Subject Vehicle for repairs and following the directives of Defendant's authorized repair personnel.

30. Defendants were under a continuous duty to disclose to Plaintiffs the true character, quality, and nature of the Defendant Vehicles' suffering from defects, and the inevitable repairs, costs, time, and monetary damage resulting from the defects. Due in part to Defendant's failure to do so, Plaintiffs were unable to discover Defendant's wrongful conduct alleged herein until the issues persisted following Defendants attempts to conform the Vehicle to its warranties.

31.  Plaintiffs discovered Defendants' wrongful conduct alleged herein shortly before the filing of the complaint, when Plaintiffs requested a buyback and/or restitution of the Subject Vehicle from Defendant FMC as the Vehicle continued to exhibit symptoms of defects following Defendant FMC's unsuccessful attempts to repair them. However, Defendant FMC failed to provide restitution pursuant to the Song-Beverly Consumer Warranty Act and/or Magnuson-Moss Warranty Act.

### C. The Repair Doctrine

32.  The statute of limitations is tolled by various unsuccessful attempts to repair the vehicle.[3]

33.  Additionally, the limitations period for warranty claims is tolled against a defendant whenever that Defendant claims that the defect is susceptible to repair and attempts to repair the defect.[4]

34.  Here, Defendant undertook to perform various transmission system repairs and issued various engine cooling system-related repair measures in the form of TSBs and recalls. During the time in which Defendant represented to Plaintiffs that the Vehicle was fixable and attempted to fix it, the warranty period may thus have been tolled.

### D. Fraudulent Concealment Tolling (Estoppel)

35.  Separately, the statute of limitations is equitably tolled due to Defendant's fraudulent conduct alleged herein.[5]

---

[3] See *Aced v. Hobbs–Sesack Plumbing Co.*, 55 Cal.2d 573, 585 (1961) ("The statute of limitations is tolled where one who has breached a warranty claims that the defect can be repaired and attempts to make repairs.") and *A&B Painting & Drywall, Inc. v. Sup. Ct.*, 25 Cal.App.4th 349, 355 (2002) ("Tolling during a period of repairs rests upon the same basis as does an estoppel to assert the statute of limitations, i.e., reliance by the plaintiff upon the words or actions of the defendant that repairs will be made.").

[4] "Tolling during a period of repairs generally rests upon the same legal basis as does an estoppel to assert the statute of limitations, i.e., reliance by the plaintiff on the words or actions of the defendant that repairs will be made." *Cardinal Health 301, Inc., supra,* 169 Cal.App.4th at pp. 133–34.

[5] Silence, when there is a duty to speak, may be the basis for equitable

36. Defendants concealed the defect, minimized the scope, cause, and dangers of the Defect with inadequate recalls, and refused to investigate, address, and remedy the Defect as it pertains to all Defendant Vehicles as set forth herein.

37. Plaintiffs discovered Defendants' wrongful conduct alleged herein shortly before the filing of the complaint, when Plaintiffs requested a buyback and/or restitution of the Subject Vehicle from Defendant FMC as the Vehicle continued to exhibit symptoms of defects following Defendant FMC's unsuccessful attempts to repair them. However, Defendant FMC failed to provide restitution pursuant to the Song-Beverly Consumer Warranty Act and/or Magnuson-Moss Warranty Act.

38. Based on the foregoing, Defendants are estopped from relying on any statutes of limitations in defense of this action.

## FIRST CAUSE OF ACTION
## BY PLAINTIFFS AGAINST DEFENDANT FMC
## VIOLATION OF SUBDIVISION (D) OF CIVIL CODE § 1793.2

39. Plaintiffs incorporate by reference the allegations contained in the paragraphs set forth above.

40. Defendant FMC and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities. Despite this fact, Defendant failed to promptly replace the Vehicle or make restitution to Plaintiffs as required by Civil Code section 1793.2, subdivision (d) and Civil Code section 1793.1, subdivision

---

estoppel. *See Dettamanti v. Lompoc Union High School Dist. of Santa Barbra County*, 143 Cal. App. 2d 715, 720 (1956) ("The basis for an estoppel may be found in the failure of the party sought to be estopped to speak when he is under a duty to speak as well as in his speaking falsely and in a manner which tends to deceive."). Estoppel to plead the statute of limitations is a well-accepted doctrine under California law. See 3 Witkin Cal. Proc. 4th § 693 at 885 ("'[T]he fraudulent concealment by the defendant of the facts upon which the existence of which the cause of action depends tolls the statute,' and that the statute does not begin to run until discovery . . . .'" (quoting *Kimball v. Pacific Gas & Elec. Co.*, 220 Cal. 203, 215 (1934)).

(a)(2).

41. Plaintiffs have been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2, subdivision (d) and Civil Code section 1793.1, subdivision (a)(2), and therefore brings this cause of action pursuant to Civil Code section 1794.

42. Defendant's failure to comply with its obligations under Civil Code section 1793.2, subdivision (d) was willful, in that Defendant and its representative were aware that they were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendant failed and refused to promptly replace the Vehicle or make restitution. Accordingly, Plaintiffs are entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to Civil Code section 1794, subdivision (c).

43. Defendant does not maintain a qualified third-party dispute resolution process which substantially complies with Civil Code section 1793.22. Accordingly, Plaintiffs are entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to Civil Code section 1794, subdivision (e).

44. Plaintiffs seek civil penalties pursuant to section 1794, subdivisions (c), and (e) in the alternative and does not seek to cumulate civil penalties, as provided in Civil Code section 1794, subdivision (f).

## SECOND CAUSE OF ACTION
## BY PLAINTIFFS AGAINST DEFENDANT FMC
## VIOLATION OF SUBDIVISION (B) OF CIVIL CODE § 1793.2

45. Plaintiffs incorporate by reference the allegations contained in the paragraphs set forth above.

46. Although Plaintiffs presented the Vehicle to Defendant's representative in this state, Defendant and its representative failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation

8
**COMPLAINT; JURY TRIAL DEMANDED**

of Civil Code section 1793.2, subdivision (b). Plaintiffs did not extend the time for completion of repairs beyond the 30-day requirement.

47. Plaintiffs have been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2(b), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

48. Plaintiffs have rightfully rejected and/or justifiably revoked acceptance of the Vehicle, and has exercised a right to request a buyback. By serving this Complaint, Plaintiffs do so again. Accordingly, Plaintiffs seek the remedies provided in California Civil Code section 1794(b)(1), including the entire value of the Vehicle. In the alternative, Plaintiffs seek the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects. Plaintiffs believes that, at the present time, the Vehicle's value is *de minimis*.

49. Defendant FMC'S failure to comply with its obligations under Civil Code section 1793.2(b) was willful, in that Defendant FMC and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiffs are entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to Civil Code section 1794(c).

## THIRD CAUSE OF ACTION
## BY PLAINTIFFS AGAINST DEFENDANT FMC
## VIOLATION OF SUBDIVISION (A)(3) OF CIVIL CODE § 1793.2

50. Plaintiffs incorporate by reference the allegations contained in paragraphs set forth above.

51. In violation of Civil Code section 1793.2, subdivision (a)(3), Defendant failed to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period. Plaintiffs have been damaged by Defendant's failure to

comply with its obligations pursuant to Civil Code section 1793.2(a)(3), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

52. Defendant's failure to comply with its obligations under Civil Code section 1793.2, subdivision (a)(3) was wilful, in that Defendant knew of its obligation to provide literature and replacement parts sufficient to allow its repair facilities to effect repairs during the warranty period, yet Defendant failed to take any action to correct its failure to comply with the law. Accordingly, Plaintiffs are entitled to a civil penalty of two times Plaintiffs' actual damages; pursuant to Civil Code section 1794(c).

## FOURTH CAUSE OF ACTION
## BY PLAINTIFFS AGAINST DEFENDANT FMC
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (CIVIL CODE, § 1791.1; § 1794; § 1795.5)

53. Plaintiffs incorporate by reference the allegations contained in the paragraphs set forth above.

54. Pursuant to Civil Code section 1792, the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability. Pursuant to Civil Code section 1791.1, the duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant, except that the duration is not to exceed one-year.

55. Pursuant to Civil Code section 1791.1 (a), the implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the warranty contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

56. At the time of entering into the warranty contract, or within one-year

thereafter, the Vehicle contained or developed the defects set forth above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the warranty contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labelled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

57. Plaintiffs have been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

## FIFTH CAUSE OF ACTION
## BY PLAINTIFFS AGAINST DEFENDANT FMC
## VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT

58. Plaintiffs incorporate by reference the allegations contained in the paragraphs set forth above.

59. Plaintiffs are a "consumer" as defined in the Magnuson-Moss Warranty Act (referred to as "Mag-Moss"), 15 U.S.C. § 2301(3).

60. Defendant is a "supplier" and "warrantor" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(4), 15 U.S.C. § 2301(5).

61. The Subject Vehicle is a "consumer product" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(1).

62. In addition to the express warranty, in connection with the sale of the Vehicle to Plaintiffs, an implied warranty of merchantability was created under California law. The Subject Vehicle's implied warranties were not disclaimed using a Buyer's Guide displayed on the Vehicle; thus any purported disclaimers were ineffective pursuant to 15 U.S.C. § 2308(c).

63. In accordance with Defendant's warranty, Plaintiffs delivered the Vehicle to Defendant's representatives, including its representatives in this state

to perform warranty repairs. Plaintiffs did so within a reasonable time. Each time Plaintiffs delivered the Vehicle, Plaintiffs notified Defendant and its representative of the characteristics of the defects. However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion

64. Defendant violated the Mag-Moss Act when it breached the express warranty and implied warranties by failing to repair the defects and nonconformities, or to repurchase and/or replace the Subject Vehicle.

65. Plaintiffs performed all terms, conditions, covenants, promises and obligations required to be performed on Plaintiffs' part under the terms of the agreement, express warranty and implied warranty except for those terms and conditions, covenants, promises and obligations or payments for which performance and/or compliance has been excused by the acts and/or conduct of Defendant and/or by operation of law

66. Plaintiffs have also met all of Plaintiffs' obligations and preconditions to bring this claim, or alternatively it would have been futile for Plaintiffs to do so.

67. In addition, Plaintiffs have met all of Plaintiffs' obligations for bringing this claim as provided in the written warranties, or alternatively, Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability, and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

68. As a direct and proximate result of the acts and omissions of the Defendant, Plaintiffs have been damaged in the form of general, special and actual damages in an amount within the jurisdiction of this Court, according to proof at

trial.

69. Under the Act, Plaintiffs are entitled to reimbursement of the entire amount paid or payable.

70. Plaintiffs are entitled to all incidental, consequential, penalties, and general damages resulting from Defendant's failure to comply with their obligations under the Mag-Moss Act.

71. Plaintiffs have been damaged by Defendant's failure to comply with its obligations under the express warranty, implied warranty, as well as any other violations alleged here, and therefore bring this claim pursuant to 15 U.S.C. §2310(d) and seek remedies available pursuant to Magnuson-Moss Act under California law, including California Civil Code Section 1794 and/or California Commercial Code Sections 2711-2715, and/or other remedies that the Court may deem proper.

72. Plaintiffs are entitled under the Mag-Moss Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action pursuant to 15 U.S.C. § 2310(d)(2).

**PRAYER**

PLAINTIFFS PRAY for judgment against Defendant as follows:

a. For general, special, and actual damages according to proof;
b. For restitution;
c. For any consequential and incidental damages;
d. For revocation of acceptance of the Subject Vehicle, rescission, reimbursement and/or restitution of all monies expended;
e. For diminution in value;
f. For a civil penalty in the amount of two times Plaintiffs' actual damages pursuant to Civil Code section 1794, subdivision (c) or (e);

g.  For prejudgment interest at the legal rate;

h.  For costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code section 1794, subdivision (d);

i.  For costs, expenses and attorney's fees reasonably incurred in connection with the commencement and prosecution of this action pursuant to 15 U.S.C. § 2310(d)(2); and

j.  For such other relief as the Court may deem proper.

Dated: April 14, 2022         STRATEGIC LEGAL PRACTICES, APC
                              BY: _____/s/: Tionna Dolin_____
                              TIONNA DOLIN
                              Attorneys for Plaintiffs,
                              VIDAL MADERA and IDALI PAGAN

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action asserted herein.

Dated: April 14, 2022       STRATEGIC LEGAL PRACTICES, APC

BY: _____/s/: Tionna Dolin_____
TIONNA DOLIN
Attorneys for Plaintiffs,
VICTORIO SANTIAGO LOPEZ and
ERIKA SANTIAGO DE SANTIAGO